IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. WALKER,** **#R02343,** | |
| Plaintiff, | Case No. 21-cv-01172-SPM |
| v. | |
| **D. SMITH,** **K. BROOKMAN, and** **J. WILLIS,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Sheridan Correctional Center (Sheridan), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 2). The claims in this case were severed from *Walker v. Butler,* 19-cv-445-SPM (S.D. Ill. 2019). In this severed case, Walker contends that he was written a disciplinary ticket that included the false charge of theft and then excessively punished by the Adjustment Committee in retaliation for filing grievances against staff.

Walker's Complaint (Doc. 2) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

The claims that were severed into this case are:

**Count 10:** First Amendment claim of retaliation claim against Smith, Brookman, and Willis regarding the issuance of a false disciplinary ticket and excessive punishment in 2015.

**Count 11:** Fourteenth Amendment claim against Smith, Brookman, and Willis regarding the issuance of a false disciplinary ticket and excessive punishment in 2015.

Walker claims that on February 25, 2015, Smith wrote Walker a disciplinary ticket for theft and disobeying a direct order. The additional charge of theft was falsely included in the ticket in retaliation for Walker disobeying an order. Walker was found not guilty for theft by Adjustment Committee Members Kent Brookman and James Willis but was found guilty of disobeying a direct order. He was punished with three months in segregation and three months C-grade demotion. (Doc. 2-2, p. 2). Walker was housed in segregation from March 4, 2015 until May 22, 2015. After his release, he continued to have C-grade status and commissary restrictions for another three months. (Doc. 2, p. 30-31).

### DISCUSSION

The claims severed into the present lawsuit are barred by the applicable statute of limitations. Furthermore, Walker has failed to plead a sufficient claim. For the reasons stated below, the Complaint and this case will be dismissed with prejudice.

**I. Statute of Limitations**

Claims brought pursuant to Section 1983 borrow the statute of limitations from the state in which the alleged violation occurred. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois has a two year statute of limitations for personal injury claims. *See* 735 ILCS 5/13-202. Thus, the applicable statute of limitations for Section 1983 claims arising in Illinois is two years. *See Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 766 (7th Cir. 2013). A court may sua sponte dismiss a case at Section 1915A

review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Terry v. Spencer,* 888 F. 3d 890, 894 (7th Cir. 2018) (citations omitted).

Here, Walker did not raise his claims regarding the disciplinary ticket issued by Smith and the subsequent disciplinary proceeding conducted by Brookman and Willis that occurred in March 2015 until he filed his motion for leave to amend the complaint on September 17, 2020 in *Walker v. Butler.* (*Butler,* Doc. 76). As noted by District Judge Dugan in another case severed from *Walker v. Butler,* "[e]ven allowing Plaintiff a generous amount of time to exhaust administrative remedies, his September 2020 amended complaint was outside of Illinois' two-year statute of limitations applicable in Section 1983 cases." *Walker v. Butler,* No. 21-cv-1174-DWD, Doc. 15 (S.D. Ill. Mar. 28, 2022).[1] Thus, the severed claims, Counts 10 and 11, are barred by the statute of limitations and are dismissed.

## II. Failure to State a Claim

Even if Walker had timely asserted these claims, he has failed to state a claim for retaliation and due process violations in connection with the disciplinary ticket and resulting punishment.

### Count 10

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly

---

[1] The Court notes that based on the exhibits filed by Walker, the Administrative Review Board denied his grievance regarding the disciplinary ticket on December 24, 2015. (Doc. 2-1, p. 152, 155-160; Doc. 2-2, p. 1-3).

be inferred.' " *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

As to Smith, Walker claims that Smith added the charge of theft to the disciplinary ticket in order to increase his punishment in "apparent retaliation…to increase [his] punishment for disobeying a direct order with segregation." (Doc. 2, p. 30). However, the conduct described by Walker that motivfated the retaliation on the part of Smith, disobeying an order, is not protected by the First Amendment. Accordingly, Count 10 is dismissed as to Smith.

Likewise, Walker has failed to state a First Amendment claim against Brookman and Willis for sentencing him to three months of segregation in retaliation for his "history of filing grievances against staff." (Doc. 2, p. 30). Walker pled guilty to disobeying a direct order and states that he wrote to Brookman and Willis to plead for leniency regarding his punishment. He informed Defendants that he did not hear Smith call out to him because the ear drops he used at the time caused difficulty hearing. Walker asserts that Brookman and Willis were "adamant" about placing him in segregation and ordered three months in segregation, which he claims is a longer length of time than typically given for that violation. But Walker does not describe a timeline of "events from which retaliation may plausibly be inferred." *Cain v. Lane,* 857 F. 2d 1139, 1143 n. 6 (7th Cir. 1988). Sentencing Walker to three months segregation for violation of a regulation to which he pled guilty, alone, does not constitute retaliation, particularly when the Complaint does not describe any connection between the grievances filed by Walker and Brookman and Willis. Walker cannot "rest on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Walker has not provided enough facts to make a retaliation claim, "plausible on its face," Count 10 is dismissed as to Willis and Brookhart. *See Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013).

**Count 11**

To state a Fourteenth Amendment procedural due process claim, Walker must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or

property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). A disciplinary ticket, even if falsely issued, does not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon*, 494 U.S. at 125.

Walker claims that Smith falsely wrote him a disciplinary ticket for theft. However, he was found not guilty to this offense, and he does not allege that the disciplinary proceedings on that charge were implemented contrary to procedural due process requirements. Accordingly, Count 11 is dismissed as to Smith.

Walker also claims that his sentence of three months in segregation imposed by Willis and Brookman was excessive. Walker points out that at the time Walker was sentenced to segregation, several inmates at Menard were also placed in segregation for fighting in the yard and received less time than him. He, on the other hand, had not received a disciplinary ticket in the previous five years and did not have history of fighting.

Generally, prisoners "do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Smith v. Akpore,* 689 F. App'x 458, 460 (7th Cir. 2017). *See also Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013). To be deprived of a liberty interest, an inmate's experience in segregation must be "atypical and significant hardship…in relation to the ordinary incidents of prison life." *Wilkinson v. Austin,* 545 U.S. 209, 221-23 (2005). In other words, "the length of confinement must be substantial and the condition of the confinement unusually harsh." *Miller v. Maue,* 759 F. App's 515, 516 (7th Cir. 2019) (internal quotations and citations omitted).

Here, Walker's allegations that he was sentenced to three months in segregation and then

received three months of commissary restrictions and demotion to C-grade status do not amount to a liberty interest that requires the protections of due process. First, there is no liberty interest in grade status or commissary privileges. *See Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005). Second, Walker has not included any factual allegations in the Complaint regarding the conditions of his confinement during his time in segregation, and the Seventh Circuit has held that three months in segregation, standing alone, does not implicate a protected liberty interest. *Lekas v. Briley,* 405 F. 3d 602, 613 (7th Cir. 2005). *See also Marion v. Columbia Corr. Inst.,* 559 F. 3d 393, 398 (7th Cir. 2009) ("without additional facts about the conditions of confinement," even six months in segregation would not implicate a liberty interest). Therefore, Walker has failed to allege he was deprived of a protected liberty interest, and Count 11 is dismissed as to Willis and Brookman.

Because Counts 10 and 11 are dismissed, the Complaint does not survive screening pursuant to Section 1915A. The Court is cognizant of the general preference to allow a pro se litigant to amend a complaint that fails to state a claim in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). Leave to amend a complaint need not be granted, however, when an amendment would be futile. *See Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chi.,* 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

Allowing further amendment in this case would be futile. Not only has the Court found that Walker's claims are barred by the statute of limitations, but Walker has been "given ample opportunity to raise any and all claims he had about his conditions of confinement at Menard." *Walker v. Butler,* No. 21-cv-01174-DWD, Doc. 15. This case was severed from another case when Walker was granted leave to amend his complaint for a third time. *Walker v. Butler,* No. 21-cv-445-SPM (Docs. 9, 21, 102). Additionally, that case, case No. 21-cv-455-SPM, had been severed

from an even earlier case, *Walker v. Unknown Party,* No. 15-cv-786-MAB (S.D. Ill. 2019). In *Unknown Party*, Walker was also allowed to amend three times. *Walker v. Unknown Party,* Doc. 35 (threshold review of second amended complaint). Thus, the Court finds that it would be futile to continue giving Walker further opportunities to replead claims that are legally insufficient and untimely. Therefore, this matter is dismissed with prejudice and without leave to amend.

### DISPOSITION

As stated above, the Complaint, including Counts 10 and 11, is **DISMISSED with prejudice** as untimely filed outside of the statute limitations and for failure to state a claim upon which relief may be granted.

Walker may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Walker does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 8, 2022**

                                                     s/Stephen P. McGlynn
                                                     **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**